IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**ANDREW PALMER**                                                                                **PLAINTIFF**

v.                                            Civil No. 6:11-cv-06028

**CAPTAIN STEED, Garland County Jail and**
**GARLAND COUNTY**                                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint. ECF No. 2. Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 2, be **DISMISSED** with prejudice for failure to prosecute this action and for failure to obey an Order of the Court.

**I.    BACKGROUND**

Mr. Palmer, Plaintiff herein, named as defendant to this matter Garland County, Arkansas, but alleged no policy, custom, or procedure for official capacity liability against a county. ECF No. 2. Plaintiff also named Captain Steed as a Defendant, but did not allege any facts regarding Steed's alleged acts or omissions which caused Plaintiff's constitutional harm. *Id.* As more information was required for the Court to determine if service of the Complaint should issue, an Addendum was sent to Plaintiff on June 20, 2011, asking Plaintiff to clarify the underlining facts of his Complaint. ECF No. 6. In that Addendum, Plaintiff was cautioned that failure to return the addendum could cause his case to be subject to dismissal. *Id.*

Plaintiff has failed to return his Addendum or request additional time for responding to the Addendum. Moreover, no mail has been returned to the Court, signifying that Plaintiff is still incarcerated at his address of record and has received the Order of the Court, which directed his response.

## II.   APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.   DISCUSSION

Plaintiff was given until July 20, 2011 to return his addendum to the Court. ECF No. 6. Plaintiff did not seek additional time beyond the July 20, 2011 deadline. As reflected above, no mail has been returned to the Court, and Plaintiff appears to be incarcerated at his address of record.

Plaintiff was specifically cautioned in the Order directing him to complete the Addendum that failure to return a completed Addendum could result in his Complaint being dismissed for failure to prosecute and for failure to obey an Order of the Court. ECF No. 6. Plaintiff has had

adequate notice and opportunity to respond.  Accordingly, this case should be dismissed for failure to prosecute and for failure to follow a Court Order.

IV.   **CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED** for failure to prosecute and failure to follow a Court Order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **27th day of October 2011.**

>                                 /s/ Barry A. Bryant
>                                 HON. BARRY A. BRYANT
>                                 U.S.  MAGISTRATE JUDGE